IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| HOLLY SHUTTLEWORTH, | : | Case No. 3:22-cv-00344 |
| Plaintiff, | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| WALMART, INC., | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION

The undersigned Magistrate Judge issues this Report and Recommendation after reviewing Defendant's Response to Show Cause Order (Doc. No. 19). The undersigned does not find, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a) & 1446(c)(2)(B). The undersigned therefore **RECOMMENDS** that this matter be **REMANDED** to the Common Pleas Court of Darke County, Ohio due to the lack of subject-matter jurisdiction.

**I.      BACKGROUND**

This personal-injury action arose from an injury that Plaintiff Shuttleworth allegedly suffered on November 11, 2020 while shopping at a Walmart store in Greenville, Ohio. Plaintiff claims that she was browsing the holiday and garden section when a small piece of concrete fell from the store's ceiling and struck her on the head. Plaintiff filed her Complaint in the Common Pleas Court of Darke County, Ohio. (Doc. No. 3.) She asserted a state-law claim for negligence and alleged the following damages:

1

> a. Severe and permanent injuries, including minor closed head injuries, including concussions, headaches, visions problems;
> b. Great pain and suffering, both physical emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;
> c. Reasonable and necessary medical expenses in excess of over $18,598.56, as well as further medical expenses to be incurred in the future;
> d. Miscellaneous out of pocket expenses in an amount yet to be determined.

(*Id.* at PageID 21 (sic all).) In her Prayer for Relief, Plaintiff stated:

> WHEREFORE, Plaintiff, Holly Shuttleworth, demands judgment against the Defendant, Walmart, Inc. d/b/a Walmart, in an amount in excess of $25,000.000, along with the costs and interest of this action, plus an additional relief Plaintiff is or shall be entitled [sic].

(*Id.*)

Defendant timely removed Plaintiff's Complaint to this Court on the basis of diversity jurisdiction. (Notice of Removal, Doc. No. 1.) Defendants did not, however, plausibly allege that the $75,000 amount-in-controversy requirement for diversity jurisdiction had been met. *See Dart Cherokee Basin Oper. Co., LLC v. Owens*, 574 U.S. 81 (2014) (holding that when the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal must plausibly allege the requisite amount). Instead, Defendant made only a conclusory and unsupported statement that "[r]emoval is proper because . . . [t]he amount in controversy in this case exceeds seventy-five thousand dollars ($75,000)". (Notice of Removal, Doc. No. 1, PageID 2.) Defendant also stated (wrongly) that Plaintiff "did not allege any specific amount or range in damages" in her Complaint. (*Id.*)

Upon review of Plaintiff's Complaint and the Notice of Removal, the undersigned noted that Defendant did not plausibly assert that the amount-in-controversy requirement was met. Therefore, the Court issued an Order to Show Cause why this matter should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 18.)

## II. LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Therefore, this Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal), then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.).

Under 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Where, as here, a case is removed from state court based upon diversity jurisdiction, the defendant bears the burden of pleading and proving that the amount-in-controversy requirement is met. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

If the plaintiff seeks a particular amount of damages in the complaint and has a good-faith basis for doing so, then the removing defendant generally can rely on that amount to satisfy the amount-in-controversy requirement. 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

It frequently happens that the plaintiff does not seek a specific amount of damages. *See* 28 U.S.C. § 1446(c)(2)(A). Where, as here, a plaintiff does not seek a specific amount of damages in the complaint, then the removing defendant must prove by a preponderance of the evidence that the amount-in-controversy requirement has been met. 28 U.S.C. § 1446(c)(2)(B).

Notably, the Court is not bound by, and should not defer to, a plaintiff's estimation of his damages when determining whether the amount-in-controversy requirement is met. *E.g., Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims

4

was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal"); *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020) ("[T]he district court is not bound by the plaintiff's representations regarding its claim and may review the record for evidence relevant to the amount in controversy") (internal quotations and citations omitted). The Court may also rely on "reasonable inferences and deductions" when conducting its analysis. *Stern*, 424 F. Supp. 3d at 1269.

### III. ANALYSIS

In its Response (Doc. No. 19), Defendant concedes that Plaintiff's economic damages do not approach the $75,000 threshold. Specifically, Defendant acknowledges that "Plaintiff's Complaint alleges, *inter alia*, medical expenses (economic) so far incurred in the amount of $18,598.56, with future damages to be incurred, in addition to non-economic damages." (Doc. No. 19, PageID 84.) Thus, Plaintiff's alleged economic damages fall far short of the amount required to establish subject-matter jurisdiction.

Defendant urges the Court to rely on the ***possibility*** that Plaintiff could recover noneconomic damages in an amount that would (almost) increase her total damages to $75,000. Specifically, Defendant cites an Ohio statutory damages cap that limits tort plaintiffs to maximum noneconomic damages in an amount that is up to or equal to three times their amount of economic loss. (Doc. No. 19, PageID 84-85 (citing Ohio Rev. Code § 2315.18(B)(2)).) Defendant argues that with alleged economic damages in the amount of $18,598.56, and maximum noneconomic damages in an amount that is three times that

5

amount (i.e., $55,795.68), "*at a minimum*, Plaintiff has stated damages in the amount of $74,394.24." (Doc. No. 19, PageID 85 (emphasis added).)

Defendant's argument is not well-taken. Ohio's statutory damage cap is exactly that: a cap on damages. It sets a ceiling, not a floor. Specifically, it limits Plaintiff's potential recovery by limiting her noneconomic damages to a maximum amount. It does not guarantee a minimum amount. No law entitles Plaintiff to recover the capped amount of noneconomic damages. Unlike laws establishing statutory damages—which can entitle a plaintiff to a minimum amount of damages—damage caps are of little relevance to the amount-in-controversy requirement. *See Steuerwald v. ExamWorks, LLC*, No. 1:23-cv-215, 2023 U.S. Dist. LEXIS 78640, *6 (W.D. Tex. May 4, 2023) (rejecting a similar argument and noting that the cited Texas law "sets a cap, not a minimum, for punitive damages"). The Court must determine what amount of damages is likely, not possible. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (defendants "must do more than show a mere possibility that the jurisdictional amount is satisfied").[1]

Moreover, even if Plaintiff were to recover damages in the amount of $74,394.24, that amount does not exceed $75,000.00. The amount-in-controversy requirement cannot be met by "rounding up" Plaintiff's damages. This Court lacks subject-matter jurisdiction if the plausibly alleged damages fall even one penny short of $75,000.01. *See Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250 (6th Cir. 2011). And although Defendant cites

---

[1] Defendant also argues that the Court *could* find Ohio's statutory damage cap inapplicable in this case and asserts that, in those circumstances, Plaintiff's damages would "undoubtedly exceed the $75,000 threshold." (Doc. No. 19, PageID 85.) This argument similarly fails because it is speculative and based on a possibility, not a likelihood.

6

vaguely to undetermined out-of-pocket expenses and unexplained future medical costs, it has not plausibly alleged that such costs will likely equal or exceed $605.76.

Finally, Defendant argues that "[t]raumatic brain injuries cases in Ohio . . . have historically exceeded $75,000 in damages." (Doc. No. 19, PageID 85.) Defendant relies on four Ohio cases in which the juries awarded between $96,000 and $825,000. (Exhibit 1, Doc. No. 19-1.) In *Ressler v. Wagner*, Cuyahoga Cty. C.P. Case No. CV-11-756766, a car accident caused "a closed head injury, lung contusion, fractures to [plaintiff's] foot and rib, concussion, and traumatic brain injury, which caused depression." (*Id*. at PageID 88-89.) In *Kornegay v. Hinton*, Franklin Cty. C.P. Case No. 05 CVC 04 038230, a psychiatric expert testified that a car accident caused plaintiff to suffer postconcussive syndrome and experience difficulties in "sleeping, concentrating, and . . . obsessive compulsive behavior [that] would continue to impact his professional and personal life." In addition, plaintiff's young son "suffered the loss of his father's society as well as the emotional impact of his parents' divorce, which were directly caused by" the negligent driver who caused the accident. (*Id*. at PageID 91.) In *Crawford v. Barnett Mgmt.*, Cuyahoga Cty. C.P. Case No. 02-481998, the eight-year-old plaintiff "suffered lead poisoning that resulted in a traumatic brain injury with cognitive deficits." (*Id*. at PageID 93.) And in *Hinshaw v. Schneider Int'l Leasing Co.*, N.D. Ohio Case No. 94-cv-7546, the plaintiff "suffered traumatic brain injury and post concussion syndrome" after his car was struck by a tractor trailer that ran a stop sign. (*Id*. at PageID 94-95.)

These jury verdicts are inapposite. The injuries suffered by the plaintiffs in these cases are significantly more severe than the injuries pled here. Plaintiff has not alleged

7

that she suffered a traumatic brain injury. Nor has Defendant provided any evidence that would allow the Court to equate the facts of these four cases to the instant case, such as the testimony of a treating physician or expert. Absent plausible allegations or evidence that Plaintiff's likely damages exceed $75,000, the undersigned cannot find by a preponderance of the evidence that the amount-in-controversy requirement has been met. *See Diaz v. Allstate Northbrook Indem. Co.*, 2022 U.S. Dist. LEXIS 159626, *15 (S.D. Cal. Sept. 2, 2022) (holding that plaintiff's complaint was not removable where noneconomic damages were only generally pled and omitted supporting details).

For all these reasons, the undersigned concludes that Defendants have not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case—then the proper course of action is to remand the action to state court. *Brierly*, 184 F.3d at 534; *Total Quality Logistics, LLC*, 2020 U.S. Dist. LEXIS 155757, *8.

Accordingly, the undersigned **RECOMMENDS** that the Court **REMAND** this matter to the Court of Common Pleas of Darke County, Ohio.

**IT IS SO RECOMMENDED.**

 */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure On Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).