UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HOLLY SHUTTLEWORTH,

    Plaintiff,                                  Case No. 3:22-cv-344

vs.

WAL-MART INC.,                         District Judge Michael J. Newman
                                                       Magistrate Judge Caroline H. Gentry

    Defendant.

---

**ORDER: (1) OVERRULING DEFENDANT'S OBJECTIONS (Doc. No. 21); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 20); (3) REMANDING THIS CASE TO THE COURT OF COMMON PLEAS OF DARKE COUNTY, OHIO; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

       Plaintiff Holly Shuttleworth originally filed this case in the Court of Common Pleas of Darke County, Ohio alleging personal injury due to Defendant Wal-Mart, Inc.'s purported negligence.  Doc. No. 1.  Defendant removed the case to this Court on the basis of diversity jurisdiction.  *Id.*

       On July 12, 2023, Magistrate Judge Caroline H. Gentry issued a Report and Recommendation ("R&R") in which she recommended remanding this matter to the Court of Common Pleas of Darke County, Ohio because Defendant has not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Doc. No. 20.  Defendant timely filed objections, arguing that Plaintiff's alleged damages are sufficient to satisfy the amount-in-controversy requirement.  Doc. No. 21.

       The Court has reviewed *de novo*, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), Defendant's objections and all filings in this matter.  The "Court places a burden on a

defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res.*, 266 F.3d 560, 572 (6th Cir. 2001). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Id.* (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). However, the defendant "'must do more than show a mere possibility that the jurisdiction amount is satisfied.'" *CLE Trans., LLC v. Total Trans. Network, LLC*, No. 3:21 CV 2014, 2021 WL 5919935 at *2 (N.D. Ohio Dec. 15, 2021) (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). Judge Gentry correctly applied this legal standard and found that Defendant did not satisfy the amount in controversy requirement. Doc. No. 20.

Accordingly, Defendant's objections are **OVERRULED**; the R&R is **ADOPTED**; the matter is **REMANDED** to the Court of Common Pleas of Darke County, Ohio; and this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

January 9, 2024
s/ Michael J. Newman
Hon. Michael J. Newman
United States District Judge